**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TONY M. SMITH,
       Petitioner,                2:11-cv-01697-APG-GWF

vs.                                      **ORDER**

GREGORY COX, *et al.*,
       Respondents.

Before the court is petitioner's motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. ECF No. 35. With the motion, petitioner asks this court to vacate the order and judgment denying his habeas petition, then stay proceedings until his state court post-conviction litigation is complete, at which point petitioner could amend his federal petition to add his newly-exhausted claims. For the reasons that follow, the motion is denied.

Once petitioner filed his notice of appeal of the judgment granting habeas relief (ECF No. 27), this court lost jurisdiction to rule upon a motion seeking relief from that judgment. *See Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004) (concluding that district court lacked jurisdiction over petitioner's Rule 60(b) motion filed subsequent to notice of appeal). Even so, a party may "ask the district court for an indication that it is willing to entertain a Rule 60(b) motion. If the district court gives such an indication, then the party should make a motion in the Court of Appeals for a limited remand to allow the district court to rule on the motion." *Sierra Pacific*

*Industries v. Lyng*, 866 F.2d 1099, 1113 n. 21 (9th Cir. 1989); *see also*, *Gould v. Mutual Life Insurance Co.*, 790 F.2d 769, 772 (9th Cir. 1986).

This practice has been adopted by the Federal Rules of Civil Procedure. Rule 62.1(a) states, "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." The third option is often referred to as an "indicative ruling." *See* Fed. Ct. App. Manual § 15:12.5 (5th ed.).

Under Rule 60(b), the court may relieve the moving party from a final judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). However, because petitioner filed his Rule 60(b) motion more than a year after the entry of the judgment, the reasons under (b)(1-3) are not available. Fed. R. Civ. P. 60(c)(1). Moreover, petitioner has not made a convincing case that (b)(4) or (b)(5) warrants relief. Relief under subsection (b)(6) requires a showing of "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). "Such circumstances will rarely occur in the habeas context." *Id*. Here, petitioner does not identify any circumstances that would qualify as extraordinary. He asserts that his state petition contains "facially meritorious claims" that, once exhausted, could be presented to this court for consideration. ECF No. 35, p. 2. However, this court reads *Gonzalez* as requiring a far more compelling showing. *See Gonzalez*, 545 U.S. at 526 (holding that change in the law that "showed the error of the District Court's statute-of-limitations ruling" did not qualify as an extraordinary circumstances warranting relief under Rule 60(b)(6)).

In sum, even if this court had jurisdiction to rule upon petitioner's Rule 60(b) motion, it would deny it. The court also concludes that petitioner's motion does not raise a substantial issue for the purposes of Rule 62.1(a)(3).

1   IT IS THEREFORE ORDERED that petitioner's motion for relief from judgment under Rule 60(b) (ECF No. 35) is denied for lack of jurisdiction. The court would not grant the motion if the court of appeals remanded for that purpose, and the motion does not raise a substantial issue.

Dated this 3rd day of June, 2016.

_____
UNITED STATES DISTRICT JUDGE

3